

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-17-2009

# In Re Darryl Franklin

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3658

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"In Re Darryl Franklin " (2009). *2009 Decisions.* Paper 245.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/245

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**DLD-025**                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-3658

IN RE: DARRYL LAMONT FRANKLIN,
Petitioner

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2-99-cr-00238-001)

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 29, 2009

Before: FUENTES, JORDAN AND HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 17, 2009)

OPINION

PER CURIAM

Petitioner Darryl Lamont Franklin, a federal prisoner proceeding pro se, filed this

mandamus petition pursuant to 28 U.S.C. § 1651(a), requesting, among other things, that

we order the District Court to adjudicate petitioner's motion under Rule 59(e), and toll the

time for appealing the District Court's judgment.  For the reasons that follow, we will

deny the petition.

I.

Franklin is currently serving a 205-month sentence based on a conviction in the Eastern District of Pennsylvania for violating the Hobbs Act, see 18 U.S.C § 1951, and related offenses. On November 15, 2000, we affirmed the sentence and conviction. See United States v. Franklin, 248 F.3d 1131 (3d Cir. 2000) (table). In 2002, Franklin filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence. This motion was denied. Franklin subsequently filed a pro se motion to amend judgment which was denied on May 17, 2002. On May 15, 2003, we denied Franklin's request for a certificate of appealability.

On August 4, 2004, Franklin filed a pro se motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). The District Court denied Franklin's motion without prejudice as a second or successive motion under 28 U.S.C. § 2255. On August 27, 2008, Franklin filed a pro se motion for "independent action" pursuant to Fed. R. Civ. P. 60(d)(3). In connection with the motion, Franklin also submitted several sets of interrogatories for defense counsel Glennis Clark and Assistant United States Attorney ("AUSA") Robert E. Goldman. The District Court denied the motion, and a second copy filed by Franklin, as improper attempts to assert successive § 2255 claims. On November 12, 2008, Franklin filed a pro se motion under Rule 59(e) that was denied as time-barred.[1]

---

[1] The District Court also ordered that, to the extent the pleading could be construed as a renewed motion under Rule 60(d)(3), it was denied.

On January 20, 2009, Franklin filed a motion to correct the record in connection with his Rule 59(e) motion that was denied as moot.

On September 22, 2009, Franklin filed the instant mandamus petition, seeking an order compelling the District Court to (1) file into the record interrogatories that were served upon AUSA Robert E. Goldman; (2) file into the record Franklin's "Motion to Correct the Record," and adjudicate his Rule 59(e) motion; (3) toll his time to file an appeal under Fed. R. App. P. 4(a)(4)(A)(iv); and (4) send him a courtesy copy of the record or docket entry of all motions and interrogatories that have been filed and served upon AUSA Robert E. Goldman.

II.

Mandamus is a drastic remedy available only in the most extraordinary of circumstances. See Kerr v. United States District Court, 426 U.S. 394, 403 (1976). As a precondition to the issuance of the writ, the petitioner must establish that the writ will not be used as a substitute for the regular appeals process, that there is no alternative remedy or other adequate means to obtain the desired relief, and that the right to the relief sought is "clear and indisputable." Id.; see also In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005); Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Franklin's petition does not meet these strict requirements.

At the outset we note that Franklin's requests that we compel the District Court to docket Franklin's motion and interrogatories and rule on his Rule 59(e) motion are moot. The interrogatories directed to AUSA Goldman were filed in the District Court on

3

October 3, 2008 (docket entry 102); Franklin's motion to correct was filed on January 20, 2009 (docket entry 111) and dismissed as moot on January 29, 2009; and Franklin's motion pursuant to Rule 59(e) (docket entry 109),[2] was considered by the District Court and denied on December 8, 2008.

With respect to Franklin's request for a courtesy copy of the docket, there is no indication that Franklin has ever sought or been denied such relief from the District Court or any other source. Mandamus is intended to provide a remedy for a party only if "there are no other adequate means of relief and the right to the writ is clear and indisputable." First Jersey Sec., Inc. v. Bergen, 605 F.2d 690, 700 (3d Cir. 1979); Kerr, 426 U.S. 394, at 403. Because Franklin has other potential avenues of relief available to him, he has not met the strict standards for mandamus relief.

Finally, as to Franklin's request for an order directing the District Court to toll his time to file an appeal under Fed. R. App. P. 4(a)(4)(A)(iv), he has failed to make a request redressable on a mandamus petition. It is not the District Court's role or responsibility to determine whether a petitioner is entitled to tolling under Fed. R. App. P. 4(a)(4)(A)(iv). See, e.g., Jackson v. Crosby, 375 F.3d 1291, 1295 (11th Cir. 2004) (noting that when a timely Rule 59(e) motion has been filed, tolling under Fed. R. App. P. 4(a)(4) is automatic). Therefore, mandamus can not be used to compel the District Court to toll the

_____

[2] Although the text of docket entry 109 reads "(Pro se) Motion to Alter or Amend 60 Judgment," the document filed is Franklin's motion to alter or amend judgment pursuant to Rule 59(e).

4

time for Franklin to file an appeal.  Furthermore, Franklin has made no argument with respect to the timeliness of any appeal, nor is it even clear from the petition which order of the District Court Franklin is seeking to appeal.[3]

Thus, we find no basis for granting Franklin's petition for writ of mandamus. Franklin's mandamus petition will be denied.

---

[3] If Franklin is alleging that he did not receive a decision in time to file an appeal, any remedy would be pursuant to Fed. R. App. P. 4(a)(6).  Franklin has not moved for such relief in the District Court and it appears that the time for making such a request expired several months before Franklin flied his mandamus petition.